**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.      5:25-cv-02911-AB-AJR                    Date:  January 20, 2026
                                                      Page 1 of 2

Title:        Lucio Gutierrez Garcia v. Warden of Adelanto Detention Facility, et al.

---

DOCKET ENTRY:      **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION**

---

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:      ATTORNEYS PRESENT FOR RESPONDENT:

          None Present                              None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On January 16, 2026, Petitioner Lucio Gutierrez Garcia ("Petitioner), an immigration detainee being held at the Adelanto Detention Facility and represented by counsel, filed a Response and Notice of Mootness (the "Notice").  (Dkt. 7.)  In the Notice, Petitioner advised that "the habeas petition is now moot" because "Petitioner was not released from ICE custody following a bond hearing that was held on December 23, 2025."  (Id. at 1.)  The Notice further explains that "the bond request [was] denied based on the Immigration Judge's discretion."  (Id.)  "Because the sole relief requested in the underlying habeas petition was release from custody, Petitioner agrees that the habeas petition is now moot."  (Id.)

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party."  The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them."  De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted).  Where a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

## CIVIL MINUTES – GENERAL

Case No.     5:25-cv-02911-AB-AJR                    Date:  January 20, 2026
                                                     Page 2 of 2

Title:       Lucio Gutierrez Garcia v. Warden of Adelanto Detention Facility, et al.

---

federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed.  See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)).  "Mootness is a question of law, and federal courts must consider mootness *sua sponte*."  Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted).  "Mootness is jurisdictional."  Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

        To the extent this action is now moot, then the Court would lack jurisdiction.  Based on Petitioner's statements of mootness in the Notice, Petitioner is **ORDERED TO SHOW CAUSE,** by **February 3, 2026**, why this action should not be dismissed for lack of jurisdiction based on mootness.  **Petitioner may satisfy this Order by filing a response setting forth any reason why this Court has jurisdiction to consider Petitioner's claims in the underlying habeas petition.**

        **Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed for failure to comply with Court orders and failure to prosecute.  See Fed. R. Civ. P. 41(b).**

        Finally, Petitioner is advised that if he believes this action should be dismissed for lack of jurisdiction based on mootness, he can file a stipulation for dismissal (signed by both Petitioner and Respondents) under Federal Rule of Civil Procedure 41(a)(1)(B) or a request for dismissal under Rule 41(a)(2) (signed only by Petitioner, but requiring court approval).

        IT IS SO ORDERED.