JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

LUCIO GUTIERREZ GARCIA,

        Petitioner,

    v.

WARDEN ADELANTO DETENTION
FACILITY, et al.,

        Respondents.

Case No. 5:25-cv-02911-AB-AJR

**ORDER DISMISSING ACTION
WITHOUT PREJUDICE BASED ON
LACK OF JURISDICTION**

On October 31, 2025, Petitioner Lucio Gutierrez Garcia ("Petitioner), an immigration detainee then being held at the Adelanto Detention Facility and represented by counsel, filed a Petitioner for Writ of Habeas Corpus (the "Petition"). (Dkt. 1.)  In the Petition, Petitioner sought a constitutionally adequate bond hearing before an Immigration Judge. (Id. at 2.)  On December 15, 2025, Respondents filed an Answer to the Petition (the "Answer"). (Dkt. 6.)  January 16, 2026, Petitioner filed a Response and Notice of Mootness (the "Notice"). (Dkt. 7.)  In the Notice, Petitioner advised that "the habeas petition is now moot" because "Petitioner was not released from ICE custody following a bond hearing that was held on December 23, 2025." (Id. at 1.)  The Notice further explained that "the bond request [was] denied based on the Immigration Judge's

discretion." (Id.) "Because the sole relief requested in the underlying habeas petition was release from custody, Petitioner agrees that the habeas petition is now moot." (Id.) On January 29, 2026, Petitioner filed a Request for Dismissal seeking dismissal of the action based on mootness. (Dkt. 9.)

Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes "all Cases . . . arising under this Constitution . . . [and] Controversies to which the United States shall be a Party." The Supreme Court has explained that the Article III case or controversy requirement prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." De Funis v. Odegaard, 416 U.S. 312, 316 (1974) (internal quotation marks omitted). Where a federal court cannot redress the plaintiff's injury with a favorable decision, the case is considered moot and must be dismissed. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." (internal quotation marks omitted)). "Mootness is a question of law, and federal courts must consider mootness *sua sponte*." Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) (internal quotation marks and citations omitted). "Mootness is jurisdictional." Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).

Based on the Notice filed by Petitioner, it is clear that this Court can no longer redress Petitioner's injury with a favorable decision because he has already received the only relief he sought. Accordingly, the Petition is moot and the Court lacks jurisdiction. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), Petitioner's Request for Dismissal requires court approval because Respondents have filed an Answer. Accordingly, the Court GRANTS Petitioner's Request for Dismissal and dismisses the Petition without prejudice for lack of jurisdiction.

2

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  February 16, 2026

_____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

3